# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MIGUEL A. SOTO, | ) |
| | ) |
| Petitioner, | ) CIV 09-00326 PHX FJM (MEA) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| CHARLES L. RYAN, TERRY GODDARD, | ) |
| | ) |
| Respondents. | ) |

**TO THE HONORABLE FREDERICK J. MARTONE:**

On or about February 17, 2009, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 12) on August 28, 2009. Respondents contend the action for habeas relief should be denied and dismissed because Petitioner failed to file his action within the applicable statute of limitations. As of October 29, 2009, Petitioner has not filed a pleading in reply to the answer to his petition.

**I Procedural History**

On August 26, 1999, Petitioner was indicted by a Maricopa County grand jury on one count of second degree murder. See Answer, Exh. A. On or about February 5, 2001, Petitioner entered into a written plea agreement allowing him to plead

guilty to one count of manslaughter. Id., Exh. B. In the written plea agreement the state stipulated that Petitioner would not be sentenced to a term of more than 20 years imprisonment. Id., Exh. B. On June 26, 2001, Petitioner was sentenced to an aggravated term of 15 years imprisonment pursuant to his guilty plea to one count of manslaughter. Id., Exh. D.

Petitioner timely initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, the first appeal "of right" for an Arizona defendant who pleads guilty to the charges against them. See id., Exh. E. In his action for post-conviction relief Petitioner asserted: (1) his sentence was improperly predicated on erroneous information; (2) there were misrepresentations in the criminal history related in the presentence report; and (3) he received ineffective assistance of counsel. See id., Exh. F. The state trial court denied relief. The state court summarily concluded Petitioner had failed to present a colorable claim for relief. See id., Exh. G. Petitioner sought review of this decision by the Arizona Court of Appeals which denied review on August 8, 2003. Id., Exh. H. Petitioner did not seek review of the denial of relief by the Arizona Supreme Court.

More than five years later, on November 19, 2008, Petitioner filed a Petition for Review in the Arizona Appeals Court, however, he did not file a successive Rule 32 petition in the Maricopa County Superior Court. See id., Exh. I. The Court of Appeals denied review, concluding that the successive

Petition for Review was untimely filed. <u>Id.</u>, Exh. I.

On February 17, 2009, Petitioner filed his pending Petition for Writ of Habeas Corpus. Petitioner contends he is entitled to relief from his conviction and sentence because, he argues, the state trial court erred by sentencing him in violation of <u>Apprendi v. New Jersey</u> and <u>Blakely v. Washington</u>.

**II Analysis**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on prisoners seeking federal habeas relief from their state convictions. <u>See</u>, <u>e.g.</u>, <u>Lott v. Mueller</u>, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2009). <u>See also</u> <u>Artuz v. Bennet</u>, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 (9th Cir.), <u>cert. denied</u>, 129 S. Ct. 397 (2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final at the conclusion of his first action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. <u>See</u> <u>Summers v. Schriro</u>, 481 F.3d 710, 711 (9th Cir. 2007) (holding that, in Arizona, the statute of

-3-

limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review.").

The Arizona Court of Appeals denied relief in Petitioner's Rule 32 action on August 8, 2003. Therefore, allowing for the time Petitioner could have sought review of this decision by the Arizona Supreme Court, the statute of limitations on Petitioner's federal habeas action began to run on or about September 10, 2003, and expired on or about September 11, 2004. See Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Compare Hemmerle v. Schriro, 495 F.3d 1069, 1077 (9th Cir. 2007); Riddle v. Kemna, 523 F.3d 850, 855 (8th Cir. 2008).

Petitioner did not file his federal habeas action until February 17, 2009, more than four years after the statute of limitations expired. The action initiated by Petitioner in the state courts in 2008 could not and did not restart the already-expired statute of limitations on Petitioner's federal habeas claims. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

The Ninth Circuit Court of Appeals has recently stated that the Court should still determine whether a section 2254 petitioner is entitled to equitable tolling of the statute of limitations. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 & n.2 (9th Cir. 2009). A petitioner seeking equitable tolling of the AEDPA's statute of limitations must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris, 515 F.3d at 1054-55 & n.4; Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual

failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

Petitioner has not responded to the assertion that his habeas claims are not timely. Petitioner does not offer the Court a reason why equitable tolling might be warranted in his circumstance. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations because he has not presented evidence of due diligence or a factor outside the defense which resulted in his failure to timely file his habeas action.

**III Conclusion**

The federal habeas petition was not filed within the one-year statute of limitations and Petitioner has not provided a basis for equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that Mr. Soto's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of

service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 30th day of October, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-7-